■ MINDORO REALTY, INC., Appellant, v 425 WEST END AVENUE Co. et al., Respondents. — Order of the Supreme Court, New York County (Sinclair, J.) entered September 21, 1981 granting summary judgment to defendants 425 West End Avenue Co., and Fork Properties, Inc.; directing cancellation of the notice of pendency, and denying plaintiff's "cross motion" for summary judgment, modified, on the law and the facts, without costs, to the extent of reversing the grant of summary judgment to defendants and directing the reinstatement of the notice of pendency, and, except, as so modified, affirmed. On July 14, 1978, defendant 425 West End Avenue Co. (425) entered into an agreement with Calhoun School (Calhoun) whereby it agreed to convey to Calhoun the land and premises located at 303 W. 80th Street, New York City, for the sum of $250,000. Of that sum $22,500 was paid by Calhoun as a deposit; $35,833 was to be paid at closing, and the balance was to be paid by a purchase-money mortgage delivered to 425 and payable 18 months after closing. At the time of the entry into the agreement there were pending a number of harassment and other proceedings brought by tenants of the premises against 425. Title was to be conveyed free of these proceedings and the agreement so provided. Additionally, to insure against liability on Calhoun's part to any tenants based on these proceedings, two additional clauses were inserted into the contract. Paragraph 40(b) provided that 425 would indemnify the purchaser against liability arising out of these proceedings for a period of two years. Paragraph 42 provided that in the event that liability resulted to the purchaser by reason of such proceedings, it could deduct the amount of such liability from the amount due under the purchase-money mortgage. The

agreement fixed the closing date as September 1, 1978. Because of the inability of 425 to dispose of the proceedings against it the closing was adjourned for more than a year. In the interim two things occurred. The first was an assignment by Calhoun of its rights under the agreement to Mindoro Realty, Inc. (Mindoro), the plaintiff in this action. The other was the entry into a conditional agreement by 425 to sell the property to Lotterman and Weiner. The agreement was subject to the failure of Calhoun or Mindoro to take title. Although on its face the contract between 425 and Lotterman and Weiner seemed less favorable to 425, since the purchase price was $10,000 less than that agreed upon between Calhoun and 425, it was potentially more favorable since Lotterman and Weiner agreed to take subject to the outstanding harassment and other proceedings. Thereafter Lotterman and Weiner assigned their interest in the contract with 425 to Fork Properties, Inc. (Fork), the other defendant in this case. On November 12, 1979 counsel for 425 sent Calhoun a letter fixing the date of closing for November 27, 1979 and declaring time to be of the essence. Since the harassment proceedings had not yet been disposed of the letter provided that transfer was to be subject to such proceedings. A copy of that letter was sent to Mindoro. Mindoro's attorney responded on November 15, 1979, requesting clarification. On November 16, 1979, the clarification was forthcoming. That letter specified that the deed would be delivered subject to clauses contained in the contract with one critical exception. It made clear that 425 no longer considered paragraph 40(b) of the contract — the proviso that 425 would indemnify the purchaser from any damages which flowed from harassment or other proceedings for a period of two years — to be applicable. Mindoro's counsel appeared at the closing. However, title did not close because of the inability of 425 to deliver such title free and clear of the harassment and other proceedings and its insistence that paragraph 40(b) of the contract was no longer applicable. Thereafter 425 delivered title to Fork. Plaintiff then brought this action for specific performance, damages and for tortious interference with contract rights by Fork. Defendants moved for summary judgment. While plaintiff made no formal cross motion it "requested" that summary judgment be granted to it. Special Term granted the relief sought by defendants. It denied the relief "requested" by plaintiff. We disagree with the conclusion reached at Special Term. It did not lie within the power of 425 to unilaterally alter the terms of the agreement. By specifying that paragraph 40(b) was no longer applicable it did precisely that. Although it is argued that the proviso which authorized the purchaser to deduct any amounts paid out as a result of the pending harassment or other proceedings from the purchase-money mortgage (par 42) gave the purchaser all the protection accorded by paragraph 40(b), the fact is that in at least one salient respect it did not. The purchase-money mortgage was to be paid in full within 18 months. Any deduction required to be made for liability incurred would have to be made within that period. The indemnity provided for by paragraph 40(b) had a duration of two years. The elimination of paragraph 40(b) shortened the time of the purchaser to recoup any sums paid out by reason of the harassment and other pending proceedings by six months. To that extent, at least, the unilateral alteration of the agreement affected the rights of plaintiff. Accordingly, we hold that summary judgment was not warranted. Concur — Ross, J. P., Markewich, Lupiano and Bloom, JJ.